IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD COX                                                                                          PETITIONER
ADC #115950

V.                                            NO. 5:02CV00234 JWC

LARRY NORRIS, Director,                                                              RESPONDENT
Arkansas Department of Correction

ORDER

By judgment entered July 20, 2005 (docket entry #13), this 28 U.S.C. § 2254 petition for writ of habeas corpus was dismissed. Petitioner has filed a notice of appeal, a motion for leave to appeal in forma pauperis, and a motion for certificate of appealability (docket entries #18, #19, #21).

Before a federal habeas petitioner may proceed with an appeal, he must seek and obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (COA is jurisdictional prerequisite to an appeal). To be entitled to a COA, an applicant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He is required to indicate which issues satisfy the showing. Id. § 2253(c)(3). A substantial showing is a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In the instant case, the Court found (1) that Grounds 1, 2 and 4 of Petitioner's petition were without merit, (2) that Ground 3 was procedurally barred and Petitioner had

not demonstrated cause and prejudice, or actual innocence, and (3) that, alternatively, Ground 3 was without merit as well.

As to Grounds 2, 3 and 4, Petitioner's motion makes no showing, much less a "substantial" showing, that reasonable jurists would differ as to this Court's rejection of the claims or that they are otherwise entitled to further review.  However, the Court finds that Petitioner is entitled to a COA as to Ground 1, his claim that he was denied due process, in violation of the Fourteenth Amendment, when the trial court failed to sustain his challenge to juror Caddell under Batson v. Kentucky, 476 U.S. 79 (1986).

Accordingly, Petitioner's motion for certificate of appealability (docket entry #21) is DENIED as to Grounds 2, 3 and 4, and GRANTED as to Ground 1.  Petitioner has demonstrated his indigency in compliance with 28 U.S.C. § 1915(a) and Fed. R. App. P. 24(a); accordingly, his motion for leave to appeal in forma pauperis (docket entry #18) is GRANTED.  The Clerk of the Court is directed to forward this order, along with the file of this Court's proceedings, to the Eighth Circuit Court of Appeals in accordance with Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED this 17th day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE